IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TRAVELES BULLARD,
ADC #131228                                                                                          PLAINTIFF

VS.                          CASE NO. 5:08CV00077WRW/HLJ

NURSE ROYAL, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the Court on defendants' motion for summary judgment (DE #24). By Order dated November 21, 2008 (DE #27), this Court directed plaintiff to file a response to the motion within ten days of the date of the Order. The Court further advised plaintiff that failure to respond could result in the dismissal of his complaint. As of this date, plaintiff has not responded to the defendants' motion.

The Court also notes this case is currently set for a Court trial on Monday, December 15, 2008 before the Undersigned. This date was set by a Scheduling Order, issued on September 16, 2008 (DE #22). In that Order, the Court directed plaintiff to notify the Court within thirty days concerning his intent to continue with the prosecution of his case. The Court also explained in that Order that failure to respond could result in the dismissal of his complaint for failure to prosecute. Plaintiff did not respond to the September 16, 2008 Court Order, or otherwise contact the Court concerning his intention to prosecute his case.

In his complaint, plaintiff alleges that while incarcerated at the W.C. Brassell Detention

Center, defendants denied him medical attention by failing to lance a cyst on the left side of his face. In their motion for summary judgment, defendants state plaintiff clearly states his intention in his complaint to sue them in their official capacities only, citing to paragraph II of plaintiff's complaint. Defendants further state a suit against a public official in his or her official capacities is considered a suit against the governmental entity employing that official, and plaintiff must show that the constitutional violations were the result of a governmental policy or custom, or must show a pattern of unconstitutional conduct sufficient to establish such a custom. See Kentucky v. Graham, 473 U.S. 159, 165-166(1985), Stauch v. City of Columbia Heights, 212 F.3d 425, 432 (8th Cir. 2000), and Parrish v. Luckie, 963 F.2d 201, 205 (8th Cir. 1992).

Defendants state in this case plaintiff does not allege an unconstitutional policy or custom of Jefferson County was responsible for the violation of his constitutional rights. Absent such, defendants state plaintiff's complaint should be dismissed.

Absent a response from the plaintiff countering the assertions set forth by defendants, the Court finds no dispute of material fact and that defendants are entitled to judgment as a matter of law. The Court also finds plaintiff's failure to respond to the Court's Scheduling Order further supports dismissal of plaintiff's complaint.[1] Accordingly,

---

[1] Rule 5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #25) is hereby GRANTED, and plaintiff's complaint is DISMISSED with prejudice.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an in forma pauperis appeal from an Order and Judgment dismissing this case would not be in good faith.

IT IS SO ORDERED this 8th day of December, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge